UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――

JOSE CALDERON, *et al.*,

                      Plaintiffs,

          -v-

919 PROSPECT AVENUE LLC, *et all.*,

                      Defendants.

22-CV-0096 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      In this Fair Labor Standards Act (FLSA) action, Plaintiffs Jose Calderon and Emily Rice moved for attorney's fees and expenses for time billed by their attorney for 15 hours billed during discovery in this case pursuant to Federal Rule 37(a)(5)(A).  This Court granted the motion during a telephone conference held on July 5, 2023, and directed the parties to file further submissions on the specific amount.  Specifically, the dispute concerns compensation for Michael Diller ("Diller"), attorney to the Plaintiffs in this matter, for lost time due to Defendants' repeated failure to comply with mandatory discovery requests.  (*See* ECF No. 67 at 1.)  Plaintiffs argue that they are entitled to $3,750 based on the hourly rate for Diller's time of $250.  (*Id.*)  Defendants, however, argue that, in this District, only an hour rate between $150 and $200 is reasonable, given Diller's experience and qualifications.  (ECF No. 73 at 1 – 2.)  Defendants also argue that the amount of time Diller purports to have spent dealing with the discovery noncompliance issue — fifteen hours — is unreasonably excessive.  (*Id.*)

      The Court concludes that $250 is a reasonable hourly rate for Diller's time.  First, Defendants are incorrect that such an hourly figure is far outside the norm for someone of Dillar's experience and qualifications in this District.  Rather, courts in this District have even awarded highly hourly rates to less experienced plaintiff's attorneys in comparable FLSA cases.

1

*See Santiago v. Rosehill Mgmt. & Maint. LLC,* No. 19-cv10552, 2020 WL 8991777, at *2 (S.D.N.Y. May 13, 2020) (approving hourly rate of $275 for associate plaintiff's attorney with two years of experience in similar FLSA case); *see also Gurung v. Malhotra, 8*51 F.Supp.2d 583, 597 (S.D.N.Y. 2012) ($275 hourly rate reasonable for associates with three years of experience in FLSA case); *cf. Jones v. City of New York,* No. 16-cv8080, 2021 WL 3773460 at *9 (S.D.N.Y. Aug 24, 2021) ($250 hourly rate reasonable for second year associate in §1983 case).

Second and independently, in Plaintiffs' initial letter to the Court requesting fees and expenses, Plaintiffs specifically stated, and cited evidence showing, that Diller spent "21.7 hours" on the "process" of correcting and managing Defendants' discovery obligations.  (ECF No. 67 at 4.)  Defendants do not acknowledge or respond to this argument, so it is deemed true by concession.  Here, Plaintiffs seek compensation for Diller for only 15 hours, 5.7 hours less than the amount he in fact billed.  (*Id.*)  Even if $250 were an unreasonably high rate for Diller to charge, this concession renders the award reasonable for an independent reason in this case:  *In effect*, Diller billed an hourly rate close to the window of $150 to $200 dollars Defendants themselves demarcate as reasonable.

Defendants also argue that 15 hours was an unreasonably long time to spend dealing with the discovery problems in this case.  (ECF No. 73 at 1 – 2.)  As the Court has already found, however, Defendants repeatedly failed to participate in discovery and to maintain reliable contact with Plaintiffs.  These failures shifted the costs of Defendants' discovery from defense counsel to Diller.  Plaintiffs had to move three times and seek an additional order from the Court directing Defendants to pay attorney's fees (not including the litigation of this motion).  (*See* ECF No. 45, 50, 55, 56.)  In light of this, the Court concludes that Plaintiff's counsel's investing 15 hours on discovery problems caused by Defendants' noncompliance is reasonable.

Plaintiff's Letter Motion for Discovery Fees and Expenses (ECF No. 67) is therefore GRANTED.  Defendants are ordered to pay Plaintiffs $3,750 pursuant to Federal Rule 37(a)(5)(A).

The Clerk of the Court is respectfully directed to close the Docket Entry at ECF Number 67.

SO ORDERED.

Dated: July 27, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge