

**Bell Law Group, PLLC**

116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

September 15, 2023

<u>*Via ECF*</u>
The Honorable J. Paul Oetken
United States District Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    <u>**Calderon v. 919 Prospect Avenue LLC, et al.**</u>
                **Civil Docket No.: 22-cv-96**

Dear Judge Oetken:

      Our office represents Defendants 919 Prospect Avenue LLC, Aegis Realty Management Corp., and Seth Miller (collectively, "Defendants"), in the above-referenced matter. We write now to respectfully request that the Court issue an order relieving Chaya M. Gourarie and Bell Law Group, PLLC, as counsel for Defendants pursuant to Local Rule 1.4.

      "It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." <u>Farmer v. Hyde Your Eyes Optical, Inc</u>., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citing <u>Stephen Eldridge Realty Corp. v. Green</u>, 174 A.D.2d 564, 566 (2d Dep't 1991)). Here, irreconcilable differences have developed with Defendants, with regard to case strategy and the proper course to be pursued in this litigation, which make our effective representation of the client impossible. Despite repeated efforts to communicate with Defendants, we have reached a critical impasse, and we cannot move forward representing their interests at this time. On September 14, 2023, Defendant Seth Miller was notified by email of counsel's decision to withdraw as counsel. He has not objected to this decision.

      Under similar circumstances, Courts have routinely granted motions to withdraw as counsel. <u>See, e.g</u>., <u>Joint Stock Company Channel One Russia Worldwide v. Infomir LLC</u>, 2017 WL 5067432, at *6 (S.D.N.Y. 2017) ("The breakdown in communication and cooperation described by [counsel] is adequate grounds for withdrawal, especially where, as here, neither the plaintiffs nor the client opposes the motion"); <u>Liang v. Lucky Plaza Rest</u>., No. 12-CV-5077 (PAC) (GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (relieving counsel where client refused to cooperate in prosecution of his case); <u>Casper v. Lew Lieberbaum & Co</u>., No. 97 Civ. 3016, 1999 WL 335334, at *5 (S.D.N.Y. May 26, 1999) ("the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client."); <u>Winters v. Rise Steel Erection Corp</u>., 647 N.Y.S.2d 962, 963 (2d Dept. 1996) (relieving counsel on grounds

The Honorable J. Paul Oetken
Calderon v. 919 Prospect Avenue LLC, et al.
September 15, 2023
Page 2 of 2

of "irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in litigation").

Based on the foregoing, we respectfully request that the Court issue an order relieving Chaya M. Gourarie and Bell Law Group, PLLC as counsel for Defendants.[1]

Pursuant to Local Rule 1.4, a copy of this application will be served on Defendants.

We thank the Court for its attention to this matter.

*/s/ Chaya Gourarie*
Chaya M. Gourarie, Esq.

CC: Magistrate Judge Katharine H. Parker (Settlement): Parker_NYSDChambers@nysd.uscourts.gov

---

[1] If the Court believes it would be helpful, Counsel can submit a more detailed Declaration for the Court's review *in camera*.